Rockingham, }
Sept. 13, 1901. }

AKERMAN & a. v. AKERMAN.

Under a devise to J for life, remainder " at his death " to his children and grandchildren and their heirs forever, the estate vests upon the decease of the life tenant in his children then living, to the exclusion of an afterborn grandchild.

BILL IN EQUITY, to remove a cloud upon title. The facts were agreed, and the case transferred from the January term, 1901, of the supreme court by *Young,* J.

Joseph White of Portsmouth in this county, by his will probated September 8, 1829, devised certain real estate situate in Portsmouth, as follows :

" I give, bequeath, and devise unto my beloved wife Mary the use and occupation of all my real estate situate in said Portsmouth, to have and to hold the said real estate for and during the term of her natural life.

" After the decease of my said wife, my will is that Mary Akerman . . . shall have the use and occupation of one half of all my

real estate during her natural life, and I hereby give, bequeath, and devise the same to her.

" My will is that after the death of my said wife the other half of my real estate . . . shall pass into the possession of Joseph Akerman, . . . and I hereby give, bequeath, and devise the same to him during his life, and at his death my will is that it should become the property of his children and grandchildren and to their heirs forever.

" My will is that after the death of Mary Akerman aforesaid, the one half of my real estate given to her for life shall become the property of the said Joseph . . . and I give, bequeath, and devise the same to him in the same way and manner in which I have before devised the other half."

Joseph Akerman came into possession of all the real estate under the will upon the death of the other life tenants. He died May 25, 1890, leaving the plaintiffs, who are his children and were born during his life. At his death there were no grandchildren living or dead; but one was born October 30, 1893, and is the defendant.

The question raised was whether the realty passed in fee upon the death of Joseph to his children then living, or included the grandchildren born within twenty-one years after his decease. It was adjudged at the trial term that the estate vested in the children, and the defendant excepted.

*Edward H. Adams*, for the plaintiffs.

*Samuel W. Emery*, for the defendant.

BLODGETT, C. J. The ruling at the trial term was correct. By the express terms of the will itself the estate is vested finally in Joseph's children and grandchildren " at his death." The plaintiffs alone answer the description in the will, and consequently take the estate to the exclusion of the defendant, who was not born until more than three years after Joseph's decease.

*Decree for the plaintiffs.*

All concurred.